UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MATTHEW M.[1], | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CIVIL NO. 1:22cv479 ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
|     Defendant. | ) ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Benefits under the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C.

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

§423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2. The claimant has not engaged in substantial gainful activity since August 8, 2020, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: fusion of cervical spine with degenerative disc disease; fusion with degenerative disc disease of the lumbar spine; osteoarthritis of the acromioclavicular joint (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can frequently reach in front or laterally; can never crawl, or climb ladders, ropes, or scaffolding.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on October 12, 1968 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 8, 2020, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 12-22).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on June 5, 2023. On July 28, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on August 25, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91

3

(1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in assessing the RFC.  Plaintiff contends that the record supports a limited ability to stoop and crouch, yet the ALJ failed to include such a limitation in the RFC.  The Program Operations Manual System (POMS) DI 25001.001 defines stooping  as, "Bending the body downward and forward by bending the spine at the waist." Similarly, it defines crouching as, "Bending the body downward and forward by  bending the legs and spine." *Id*. Plaintiff notes that the medical record contains significant evidence of his inability to bend his back to engage fully in these work functions. The consultative examiner performed a complete range of objective testing to measure Plaintiff's range of motion. Plaintiff's lumbar forward flexion (bending over forward) was over  20% below the normal range of motion. Plaintiff argues that this is clear, objective evidence of Plaintiff's limited ability to stoop and crouch. Additionally, at his June, September, November, and December 2021 doctor appointments, Plaintiff is noted by the examiner to have reduced range of motion in his lumbar spine, along with spasms and tenderness. After Plaintiff's back surgery in December of 2020, the surgeon placed a restriction of no bending or

twisting of Plaintiff's back for six weeks. At the end of those six weeks, Plaintiff was encouraged to continue taking precautions with those previously restricted movements. As Plaintiff notes, the ALJ did not consider that these post-surgery restrictions could preclude Plaintiff from stooping or crouching.

On February 15, 2021, right after the post-surgery restrictions expired, Plaintiff was noted to be participating in gentle range of motion exercises and exhibited decreased range of motion. On March 1, 2021, Plaintiff's lumbar flexion was noted at 80% of normal range. Rather than discussing any of these facts showing limitations in stooping and crouching, the ALJ instead focused on signs of improvement and progress during a time Plaintiff was recovering from back surgery and clearly unable to actually engage in a full range of stooping and crouching. "[A]n ALJ may not ignore an entire line of evidence that is contrary to her findings…." *Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 514 (7th Cir. 1999).

As there is sufficient evidence in the record that supports Plaintiff's position that he cannot stoop or crouch, the ALJ erred in failing to discuss this evidence in the decision. Thus remand is required.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.

Entered: August 28, 2023.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court