UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MATTHEW L. MENDENHALL, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:22-CV-479-TLS |
| MARTIN J. O'MALLEY, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 26], filed on August 5, 2024, in which Plaintiff's counsel requests $24,392.49 in attorney fees and also states, "On October 12, 2023, this Court awarded attorney fees in the amount of Thirteen Thousand, Ninety-Eight and 00/100 Dollars ($13,098.00), after subtracting $402.00 in filing fee expenses, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412." The Commissioner objects to the motion because "the EAJA Order [ECF No. 25] awarded fees in the amount of $13,500.00 with no mention of filing costs." ECF No. 29. On August 29, 2024, the Plaintiff filed a reply [ECF No. 31], clarifying that Plaintiff's counsel requests $23,761.43 in attorney fees and acknowledging that, although the parties' Stipulation for an Award of Attorney Fees Under the EAJA [ECF No. 24] did not request a filing fee, the Court's EAJA Order awarded "attorneys fees and expenses." ECF No. 31. For the reasons stated below, the Court grants the motion for relief different than requested, awarding attorney fees under 42 U.S.C. § 406(b) in the amount of $23,761.43 and ordering the Plaintiff's attorney to refund to the Plaintiff the $13,500.00 in EAJA fees previously awarded in this case.

## BACKGROUND

On November 25, 2022, the Plaintiff filed an application for Social Security benefits, alleging disability beginning on April 22, 2022. AR 51, ECF No. 9. The Plaintiff filed a Complaint in this case, and the Court reversed and remanded for further proceedings. ECF No. 21. On October 12, 2023, the Court awarded the Plaintiff's attorney EAJA fees in the amount of $13,500.00. ECF No. 25. Ultimately, the Social Security Administration awarded the Plaintiff past-due benefits, twenty-five percent of which is $23,761.43. *See* Notice of Award 3, ECF No. 26-6; Revised Notice of Award 3, ECF No. 26-7.

In the instant motion, the Plaintiff's attorney requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $23,761.43. Pl. Reply. 3, ECF No. 31. In the retainer agreement, the Plaintiff agreed to pay the attorney twenty-five percent of all past-due benefits. *See* Fee Agreement, ECF No. 26-1. Counsel represents that, if fees are awarded under § 406(b), counsel will refund to the Plaintiff the $13,098.00 of the $13,500.00 in EAJA fees previously awarded. *See* Pl. Mot. ¶ 8.

## ANALYSIS

The Plaintiff's counsel, subject to refunding $13,098.00 in EAJA fees, requests $23,761.43 in attorney fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The

reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

In this case, Plaintiff's counsel says that he will refund $13,098.00 of the $13,500.00 in EAJA fees and expenses previously awarded to the Plaintiff due to subtracting a $402 filing fee. However, the parties brought their Stipulation to an Award of Attorney Fees Under the EAJA pursuant to 28 U.S.C. § 2412(d). Section 2412(d)(1)(A) provides,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States *fees and other expenses*, *in addition to any costs awarded pursuant to subsection (a)*, incurred by that party in any civil action (other than cases sounding in tort), including proceedings . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d) (emphasis added). Subsection (a) allows for the taxation of costs, which include the filing fee. *See* 28 U.S.C. § 2412(a); 28 U.S.C. § 1920; *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008).[1] "[F]ees and other expenses" are defined as "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and

---

[1] 28 U.S.C. § 2412(a)(1) provides, "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . ." 28 U.S.C. § 2412(a)(1). Section 1920 includes fees of the clerk of any court. 28 U.S.C. § 1920.

reasonable attorney fees." *Id.* § 2412(d)(2)(A). Thus, the Court finds that the $13,500.00 in EAJA fees and expenses previously awarded to the Plaintiff did not include the $402 filing fee, and so Plaintiff's counsel must refund the Plaintiff the $13,500 in EAJA fees and expenses previously awarded in this case.

Otherwise, the requested amount in attorney fees is consistent with the contingency agreement. Counsel represents that 57.1 attorney hours were spent in federal court on this case, which results in an effective hourly rate of $417 for the attorney work. *See* Pl. Ex. B, ECF No. 26-2. This hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, No. 1:16-CV-273, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, No. 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits. The Court discerns no basis to reduce the amount. *See Arnold*, 106 F.4th at 601.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 26] with relief different than requested and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $23,761.43. The Court ORDERS the Plaintiff's attorney to refund to the Plaintiff the $13,500.00 in EAJA fees previously awarded in this case.

SO ORDERED on November 15, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT